**MORTON et al. v. THOMAS et al.** (No. 1844.)

Court of Civil Appeals of Texas. Beaumont.
April 27, 1929.

Adams & McAlister, of Nacogdoches, for appellants.

Seale & Denman, of Nacogdoches, for appellees.

O'QUINN J. This is an appeal from a judgment in a stock law election contest. On July 2, 1928, an election was held in the combined territory constituting school districts Nos. 10 and 45 in Nacogdoches county, to determine whether hogs, sheep, and goats should be permitted to run at large in said subdivision of said county. July 9, 1928, the commissioners' court of said county met and counted the votes cast at said election, declared the result to be 34 votes for the stock law and 28 votes against the stock law, certified the result, and entered same of record in the minutes of the court. On July 21, 1828, the county judge issued his proclamation declaring the result of said election, containing the statement that the election was held on July 7, 1928, and that the commissioners' court did on July 9, 1928, canvass the returns and declare the result of said election, and publish his proclamation, as required by law. The contestants, appellants here, served written notice of contest of said election on appellee Albert Thomas, county attorney of Nacogdoches county, Texas, on August 13, 1928, and on August 16, 1928, filed this suit in the district court of said Nacogdoches county, contesting said election.

Appellees, among other matters, filed a plea in abatement and special exceptions to appellant's petition and asserted cause of action, on the ground that the court was without jurisdiction to hear and determine the matter, for in that the contestants had not served appellees with notice of contest within 30 days after the result of said election was declared, as required by law.

When the case came on for hearing, the court sustained appellee's plea in abatement and dismissed the suit. This appeal is from the judgment of dismissal.

Article 6936, Revised Statutes 1925, provides that in stock law elections the returns shall be opened, tabulated, and counted by the commissioners' court of the county in the same manner as provided for all general elections in this state. This was done.

Article 6937 provides that, if a majority of the votes cast in such election shall be "For the stock law," the county judge shall immediately issue his proclamation declaring the result, which proclamation shall be posted at the courthouse door, and after the expiration of 30 days from its issuance it shall be unlawful to permit to run at large within the limits designated any animal of the class mentioned in said proclamation. The returns were canvassed—that is, the vote was counted—by the commissioners' court and the result declared on July 9, 1928. The proclamation provided for by article 6937, supra, was not made until July 21, 1928. Appellants contend that, as they served notice on appellee of their contest on August 13, 1928, it was within time, insisting that the 30 days began to run on the day the county judge issues his proclamation of the result of the election—in other words, that article 6937 controls in the matter of serving the notice of contest.

Article 3042, Revised Statutes 1925, is the only law specifically bearing on the question of notice of contest in election matters. It provides that any person intending to contest an election shall, within 30 days after the return day of election, give the contestee notice thereof in writing, and shall deliver to him a written statement of the ground on which such contestant relies to sustain such contest. This article specifically provides that: "By the return day" is meant the day on which the votes cast in said election are counted and the official result thereof declared. Appellees contend that this article controls the issue involved. We think this contention should be sustained. As this law requires that notice of contest must be served within 30 days "after the return day," and that the "return day" is the day that the votes are counted and the result declared, and as it is undisputed that the votes were counted, and the result declared, on July 9, 1928, and the notice of contest was not served until August 13, 1928, the notice therefor came too late, and the court was without jurisdiction to hear and determine the matter.

The judgment of the court dismissing the cause was proper. Judgment affirmed.